IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Travis Isaiah Mayer, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:25-cv-12973-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Alan Wilson, *Attorney General*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Travis Isaiah Mayer, a state pretrial detainee currently detained at the Greenville County Detention Center ("GCDC"), brought this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff sues Defendant Alan Wilson, the Attorney General of South Carolina, in both his individual and official capacities, alleging violations of the "neutral and detached" requirement of the Fourth Amendment[1] and the Racketeer Influenced and Corrupt Organizations Act ("RICO")[2]. (ECF No. 1 at 4). The factual basis giving rise to Plaintiff's claims is, according to the complaint, Defendant Wilson's general failure to supervise, direct, train and

---

[1] "This Court long has insisted that inferences of probable cause be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Shadwick v. City of Tampa*, 407 U.S. 345, 350 (1972) (internal quotation marks omitted). Plaintiff's "neutral and detached" claims are similar to those made by fellow GCDC detainees in recently filed actions, asserting generally that an issuing state magistrate who occupies an office located in the same building as law enforcement cannot be considered "neutral and detached." *See, e.g.*, *Lafoy v. O'Brien*, No. 6:25-cv-10732-JDA; *Jackson v. O'Brien*, No. 6:25-cv-7813-JDA; *Lindsey v. Simmons*, No. 6:25-cv-7592-DCN; *Hudgins-Smith v. Simmons*, No. 6:25-cv-7590-JDA; *Robinson v. Keel*, No. 6:25-cv-6747-DCC-KFM; *Childers v. Bratcher*, No. 6:25-cv-6742-JD; *Morgan v. Kernell*, No. 6:25-cv-6735-DCC-KFM; *Yisreale-Laquer v. Kernell*, No. 6:25-cv-6094-JDA; *Wilson v. McElrath*, No. 6:25-cv-6092-JDA; *Lee v. Kernell*, 6:25-cv-06016-TMC; *White v. Foster*, No. 6:25-cv-4633-JDA.

[2] 18 U.S.C. § 1962.

hire during "Alan Wilson's whole term as Attorney General." *Id*. at 5.  Plaintiff claims that as a result of these general failures, he suffered "False imprisonment, false arrest and deprivation of liberty." *Id*. at 6.  Plaintiff seeks to enjoin "state proceedings" and a declaration regarding the "neutral and detached" requirement. *Id*.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings.  Now before the court is the magistrate judge's detailed and thorough Report and Recommendation ("Report"), (ECF No. 9), concluding that Plaintiff failed to allege any facts establishing a claim of supervisory liability against Defendant, *id*. at 5–6; that Defendant is entitled to Eleventh Amendment immunity for Plaintiff's claims brought against Defendant in his official capacity, *id*. at 6–7; that, to the extent Plaintiff intended to name any state magistrate judges as party Defendants based on their issuance of warrants in Plaintiff's criminal cases, they would enjoy immunity as such claims arise from their judicial actions, *id.* at 7–8; that, to the extent Plaintiff is challenging currently pending state criminal charges against him, the court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), *id.* at 14–15; and that Plaintiff's claims are subject to dismissal for failure to allege facts sufficient to establish a constitutional violation cognizable under § 1983, *id*. at 8–13.  The magistrate judge, therefore, recommended the court dismiss this action without issuance and service of process and without leave to amend. *Id*. at 15.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that

"'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Plaintiff filed timely objections to the Report. (ECF No. 12). In his objections, Plaintiff largely repeats the general assertion in his complaint that an arrest warrant must be issued by a neutral and detached magistrate and alleges that state magistrate James Hudson, who is not named as a Defendant in this action, violated this requirement because he shares the same mailing address as the Greenville County Sheriff's Department. *Id*. at 1. Plaintiff, however, fails to address the dispositive portions of the Report or any of the rationales the magistrate judge gave for recommending dismissal of this action. Therefore, inasmuch as the court agrees with the magistrate judge's analysis, findings and conclusions, the court overrules Plaintiff's objections.

Having conducted a ***de novo* review** of the Report and the record, the court agrees with and **ADOPTS** the magistrate judge's analysis, findings and recommendations set forth in the Report (ECF No. 9), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
November 19, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.